UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RYAN T. KILBY,
    Plaintiff,

v.                                    C.A. No. 14-217ML

JOHNSON & WALES UNIVERSITY,
    Defendant.

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

    On May 2, 2014, Plaintiff Ryan T. Kilby filed *pro se* a one-paragraph letter to the Court,[1] along with a motion for leave to proceed *in forma pauperis* ("IFP"). The IFP Motion has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A). Based on my review of the application, and assuming its representations to be true, I conclude that Mr. Kilby has satisfied the requirements of 28 U.S.C. § 1915(a)(2); accordingly, the IFP motion is granted. However, because of the IFP application, this case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). Based on my review of the operative pleading,[2] I find that it is frivolous and fails to state a claim upon which relief may be granted. I recommend that the case be summarily dismissed without prejudice. 20 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1); see Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

---

[1] I note that this is the second time this year that Mr. Kilby has filed a one-paragraph letter accompanied by a motion for leave to proceed *in forma pauperis*. The first was dismissed at screening for substantially the same reasons as are set out in this report and recommendation. Kilby v. Nat'l Grid, Inc., C.A. No. 14-147ML, slip op. (D.R.I. Apr. 21, 2014) (mem. & order adopting report & recommendation).

[2] Because Plaintiff is *pro se*, I have employed a liberal construction of his filing. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, it fails to state a claim.

Plaintiff's letter states that he would like to file a lawsuit against Johnson & Wales University because they have "unjustifiably and with extreme prejudice" forced him to take a medical withdrawal for the spring term. ECF No. 1. Mr. Kilby also alleges that University students have slandered his good name and that the University is wrongfully demanding $1,500 from him. Id. He seeks damages in the amount of $27,000 as well as a University alumni card so that he may access its library and gym. Id.

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same used when ruling on a Rule 12(b)(6) motion to dismiss. Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Section 1915 also requires dismissal if the Court finds that the case is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A viable complaint must also satisfy Fed. R. Civ. P. 8(a), which requires a plaintiff to include "a short and plain statement of the grounds for the court's jurisdiction . . . and of the claim showing that the pleader is entitled to relief," as well as Fed. R. Civ. P. 10(a-b), which requires a caption and claims set out in numbered paragraphs, each limited to a single set of circumstances. The requirement of a statement of the grounds for invoking the court's jurisdiction is critical to the viability of a complaint because federal district courts are limited to exercising jurisdiction over cases that arise "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over cases between citizens of different states where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a). If based on diversity of citizenship, a viable complaint must also

establish both the requisite amount in controversy and that diversity is complete, that is, the citizenship of each plaintiff must be shown to be diverse from that of each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

Mr. Kilby's letter not only fails to set forth the "who, what, when, where and why" information necessary for a plausible claim, but also fails to identify the legal basis for bringing an action against the University and other unnamed students. Importantly, he does not identify any federal, state or municipal laws, ordinances or regulations violated by the University or any common law theories of recovery, except for his reference to slander. While he checked the box for "Americans with Disabilities" on the civil cover sheet, his letter provides no information regarding a claim under the Americans with Disabilities Act. 42 U.S.C. § 12101, *et seq*.

This letter falls far short of stating a viable claim. Its most significant defect is that it fails to plead enough to establish jurisdiction in this Court pursuant either to 28 U.S.C. § 1331 (federal question) or to 28 U.S.C. § 1332 (diversity of citizenship). It does not mention any federal statute or constitutional provision so as to give rise to federal question jurisdiction; the check on the civil cover sheet is insufficient to cure this defect. On its face, it appears to reference at least one state law theory (slander), suggesting it is based on diversity jurisdiction. However, Mr. Kilby characterizes himself as a resident of Rhode Island, as is the University, and the letter seeks only $27,000 in damages. Because federal diversity jurisdiction is available only if all defendants are citizens of states other than the state where the plaintiff resides, 28 U.S.C. § 1332(a)(1), and the amount in controversy exceeds $75,000, Mr. Kilby cannot bring this case in federal court unless he can viably invoke a provision of federal law adequate for federal question jurisdiction under 28 U.S.C. § 1331. Without federal jurisdiction, this Court lacks the power to entertain this case.

Mr. Kilby's letter also lacks the other basic indicia of a complaint and to that extent fails to comport with Fed. R. Civ. P. 8(a) and 10. Rule 10 requires that a complaint must have a caption and separately-numbered paragraphs setting out the claims, each paragraph limited to a single set of circumstances. Fed. R. Civ. P. 10(a-b). The letter lacks both. Fed. R. Civ. P. 8(a) requires that every complaint must contain a short and plain statement of the claim. Apart from his obvious pique at Johnson & Wales University and unnamed fellow students, the letter has no information regarding how he might have a claim against them.

Based on the foregoing, Mr. Kilby's Application to Proceed Without Prepayment of Fees is GRANTED. However, I recommend his letter be treated as a complaint and that it be DISMISSED WITHOUT PREJUDICE. See 28 U.S.C. §§ 1915(e)(2), 1915A.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 7, 2014